Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
Dwana S. Dixon (DD 0609)
ddixon@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiffs*
*WowWee Group Limited,*
*WowWee Canada, Inc., and*
*WowWee USA, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WOWWEE GROUP LIMITED; WOWWEE CANADA, INC.; and WOWWEE USA, INC., *Plaintiffs* | **CIVIL ACTION No. 18-cv-3106** |
| v. | **COMPLAINT** |
| DNA DISTRIBUTORS, INC.; WEIS MARKETS, INC.; MAC'S CONVENIENCE STORE LLC d/b/a CIRCLE-K; and MINI MART, INC. d/b/a LOAF 'N JUG, *Defendants* | **Jury Trial Requested** |

Plaintiff WowWee Group Limited, a company organized in Hong Kong, Plaintiff WowWee Canada, Inc., a company organized in Canada, and Plaintiff WowWee USA, Inc., a corporation organized under the State of Delaware ("WowWee" or "Plaintiffs"), by and through their undersigned counsel, allege as follows:

## NATURE OF THE ACTION

1.     This action involves claims for copyright infringement of WowWee's federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*; federal unfair competition, including false designation of origin and false advertising, in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); and related state and common law claims (the "Action"), arising from Defendants' infringement of WowWee's Fingerlings Works (as defined *infra*), including, without limitation, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling unlicensed, infringing versions of WowWee's Fingerlings Products (as defined *infra*), as well as the use of false and/or misleading statements in connection with the promotion thereof.

## JURISDICTION AND VENUE

2.     This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to 15 U.S.C. § 1121 as an action arising out of violations of the Copyright Act, 17 U.S.C. §§ 101 *et seq.* and the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*; pursuant to 28 U.S.C. §1338(b) as an action arising out of claims for federal unfair competition, including false designation of origin and false advertising; and pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a), as the claims asserted thereunder are so closely related to the federal claims brought in this Action as to form part of the same case or controversy.

3.     Personal jurisdiction exists over Defendants in this judicial district pursuant to N.Y.C.P.L.R. § 302(a)(1) and N.Y.C.P.L.R. § 302(a)(3) because, upon information and belief, Defendants have contracted to supply goods, including, upon information and belief, Infringing

Products (as defined *supra*) in New York and/or its surrounding areas; Defendants conduct, transact, and/or solicit business in New York and in this judicial district, including, but not limited to, by sending promotional emails to retailers and/or distributors based in or doing business in New York, and/or through sales representatives located within New York and maintaining one or more websites and/or retail locations wherein their goods are available for purchase by and/or shipped to citizens of the State of New York; Defendants have committed tortious acts within and/or without the State of New York that have caused damage to WowWee in New York; Defendants derive substantial revenue from their business transactions in New York and in this judicial district and/or Defendants should reasonably expect their infringing actions to have consequences in New York and in this judicial district and derive significant revenue from interstate commerce; and Defendants have otherwise availed themselves of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

4.      Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendants conduct business in this judicial district, a substantial part of the events or omissions giving rise to the asserted counts occurred in this judicial district, and harm to Plaintiffs has occurred in this district.

## THE PARTIES

5.      Plaintiff WowWee Group Limited is a company organized in Hong Kong with a principal place of business at 3/F Energy Plaza, Suite 301 A-C, 92 Granville Road, T.S.T. East, Kowloon, Hong Kong.

6.      Plaintiff WowWee Canada, Inc. is a Canadian corporation with a principal place of business at 3700 Saint Patrick, Suite 206, Montreal, Quebec H4E 1A2, Canada.

7.     Plaintiff WowWee USA, Inc. is a Delaware corporation with a registered office at 7855 Fay Avenue, Suite 310, La Jolla, California 92037.

8.     Upon information and belief, Defendant DNA Distributors, Inc. is an Illinois corporation, having a principal place of business at 1447 Mackenzie Lane, Elgin, Illinois 60120 ("DNA").

9.     Upon information and belief, Defendant Weis Markets, Inc. is a Pennsylvania corporation, which is registered to do business in the State of New York and has retail locations in the State of New York and the State of New Jersey, having a principal place of business at 1000 South Second Street, Sunbury, Pennsylvania 17801 ("Weis").

10.    Upon information and belief, Defendant Mac's Convenience Stores, LLC d/b/a Circle-K is a Delaware limited liability company, which is registered to do business in the State of New York, with a principal place of business at 4080 West Jonathan Moore Pike, Columbus, Indiana 47201 ("Circle-K").

11.    Upon information and belief, Defendant Mini Mart Inc. d/b/a Loaf 'N Jug is a Wyoming corporation with a principal place of business at 1014 Vine Street Cincinnati, Ohio 45202 ("Loaf 'N Jug").

12.    DNA, Weis, Circle K, and Loaf 'N Jug are collectively referred to herein as "Defendants".

## GENERAL ALLEGATIONS

### WowWee and Its Well-Known Consumer Products

13.    WowWee is a leading designer, developer, marketer, and distributor of innovative robotic toys and consumer entertainment products ("Authentic Products").  WowWee promotes and sells its Authentic Products throughout the U.S., including in the State of New York, and

4

throughout the world, through major retailers, quality toy stores, department stores, and online marketplaces, including, but not limited to, Toys R Us, Target, Walmart, Amazon, and Gamestop.

14.     One of WowWee's most popular and successful products are its Fingerlings toys, which are hand-held robotic toys that react to sound, motion, and touch and are designed to look like various animals and/or other characters (e.g., monkeys, unicorns and sloths) ("Fingerlings Product(s)").   Images of the Fingerlings Products are attached hereto as **Exhibit A** and incorporated herein by reference.

15.     The Fingerlings Products have achieved great success since their introduction in 2017.

16.     Moreover, the Fingerling Products were widely recognized as the must-have toy product for 2017, particularly during the holiday season, as indicated by the toy industry's leaders and features in major news outlets including, but not limited to, TTPM, Money Magazine (referring to the Fingerlings Products as the "Holiday Season's Hottest Toy"), Good Housekeeping (referring to Fingerlings Products as the "Hottest Holiday Toy of 2017"), Business Insider (referring to Fingerlings Products as the "biggest toy of the holiday season"), Newsday, Yahoo!, The Toy Insider, and CNN, and have continued to receive critical acclaim.

17.     WowWee owns both registered and unregistered copyrights in and related to the Fingerlings Products and the associated packaging.

18.     WowWee has protected its valuable rights by filing and obtaining U.S. copyright registrations in and relating to the Fingerlings Products.  For example, WowWee is the owner of the following U.S. Copyright Registrations Nos.: VAu 1-289-245 covering the Fingerlings Monkey, VA 2-068-259 covering the Fingerlings Monkey Packaging, VA 2-068-835 covering the Fingerlings Unicorn, VA 2-070-852 covering the Fingerlings Unicorn Packaging, VA 2-070-721

covering the Fingerlings Sloth, VA 2-074-389 covering the Fingerlings Sloth Packaging, and TX 8-431-649 covering the Fingerlings Monkey User Manual (collectively referred to as the "Fingerlings Works").  True and correct copies of the U.S. copyright registration certificates and the corresponding deposit materials for the Fingerlings Works are attached hereto as **Exhibit B** and incorporated herein by reference.

19.     While WowWee has gained significant common law trademark and other rights in the Fingerlings Products through its use, advertising, and promotion of the same, WowWee has also sought to protect its valuable rights by filing for and obtaining federal trademark registrations.

20.     For example, WowWee owns the following U.S. Trademark Registration Nos.: 3,289,747 for "WOW WEE" for a variety of goods in Class 9 and Class 28, which has been used in commerce in connection with Authentic Products since at least as early as September 13, 2001, and is currently in use in connection with Fingerlings Products; 4,505,483 for ☻ for a variety of goods in Class 9 and Class 28, which has been used in commerce in connection with Authentic Products since at least as early as June 30, 2008, and is currently in use in connection with Fingerlings Products; and 5,325,724 for "FINGERLINGS" for a variety of goods in Class 28 with a constructive date of first use of January 20, 2017, which has been used, and is currently in use, in commerce in connection with Fingerlings Products (collectively, "Fingerlings Marks").  True and correct copies of the trademark registration certificates for the Fingerlings Marks are attached hereto as **Exhibit C** and incorporated herein by reference.

21.     The Fingerlings Products generally retail for $14.99.

22.     WowWee has spent substantial time, money, and effort in building up and developing consumer recognition, awareness, and goodwill in the Fingerlings Products, Fingerlings Works, and Fingerlings Marks.

23.     The success of the Fingerlings Products is due in large part to WowWee's marketing, promotional, and distribution efforts.  These efforts include advertising and promotion through television, WowWee's website, www.fingerlings.com (the "Website"), retailer websites, and other internet-based advertising, print, and other efforts both domestically and abroad.

24.     WowWee's success is also due to its use of high quality materials and processes in making the Fingerlings Products.

25.     Additionally, WowWee owes a substantial amount of the success of the Fingerlings Products to its consumers and the word-of-mouth buzz that its consumers have generated.

26.     As a result of WowWee's efforts, the quality of its Fingerlings Products, its promotions, extensive press and media coverage, and word-of mouth-buzz, the Fingerlings Products, Fingerlings Works, and Fingerlings Marks have become prominently placed in the minds of the public.  Members of the public have become familiar with the Fingerlings Products, Fingerlings Works, and Fingerlings Marks, and have come to recognize the Fingerlings Products, Fingerlings Works, and Fingerlings Marks and associate them exclusively with WowWee.

27.     WowWee and its Fingerlings Marks have acquired a valuable reputation and goodwill among the public as a result of such associations.

28.     WowWee has gone to great lengths to protect its interests in and to the Fingerlings Works and Fingerlings Marks.  No one other than WowWee is authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the Fingerlings Works or Fingerlings Marks without the express written permission of WowWee.

**Defendants' Wrongful and Infringing Conduct**

29.     In light of WowWee's enormous success, particularly with respect to the Fingerlings Products, as well as the reputation that they have gained, WowWee and its Fingerlings Products have become targets for unscrupulous individuals and entities that wish to exploit the

7

goodwill, reputation, and fame WowWee has amassed in its Fingerlings Products, the Fingerlings Works, and the Fingerlings Marks.

30.      WowWee investigates and enforces against such activity, and through such efforts, learned of Defendants' actions, which vary and include, but are not limited to, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling products bearing one or more of Plaintiffs' Fingerlings Works, and/or products in packaging and/or containing labels and/or marks and/or artwork that is substantially or confusingly similar to one or more of Plaintiffs' Fingerlings Works, and/or products that are identical or substantially or confusingly similar to the Fingerlings Products (collectively referred to as "Infringing Product(s)") to U.S. consumers, including, upon information and belief, those located in the State of New York, through, at a minimum, Defendants' retail locations, including those located in the New York area, and/or email and/or Facebook solicitation of sales from customers, retailers, and/or distributors, including those in New York.

31.      Plaintiffs first became aware of DNA's infringing activities on or about November 2017 after one of WowWee's authorized vendors forwarded a promotional email that included an attachment featuring Infringing Products, which it received from DNA, to one of WowWee's distributors located in New York.  The foregoing promotional email not only blatantly promoted Infringing Products, but also, such Infringing Products were falsely referred to as "THE HOTTEST TOY FOR CHRISTMAS 2017."  A true and correct copy of the attachment to the aforesaid promotional email received by WowWee's vendor, is attached hereto as **Exhibit D**.

32.      In order to further investigate DNA's infringing activities, Plaintiffs' counsel engaged the services of Edward R. Kirby and Associates (hereinafter, "Plaintiffs' Investigator(s)").

33.     On or about November 7, 2017 Plaintiffs' Investigator emailed a purchase inquiry to a known affiliate of DNA, who identified "Anthony" as the manufacturer and source of the Infringing Products—who Plaintiffs' Investigator learned was Anthony Hepker, the President of DNA ("Mr. Hepker")—and provided a telephone number for the same.

34.     On or about November 7, 2017, as well as on November 9, 2017, Plaintiffs' Investigator contacted Mr. Hepker via telephone and inquired about the Infringing Products. During the course of these discussions, Mr. Hepker indicated that he was currently out of stock of the Infringing Products, but expecting a shipment of 25,000 units by the end of November.  Mr. Hepker also asserted, among other things, that the Infringing Products have the same functionality as the Fingerlings Products, and that the Fingerlings Products are no longer available on the market since they are the hottest item available for purchase.

35.     Thereafter, Plaintiffs' Investigator contacted Mr. Hepker on several other occasions, but was unable to purchase any Infringing Products.

36.     Thereafter, on November 28, 2017, Plaintiffs' counsel sent a cease and desist letter to DNA ("DNA C&D").  A true and correct copy of the DNA C&D is attached hereto as **Exhibit E**.

37.     Plaintiffs' counsel received a response from DNA to the DNA C&D and has engaged in back and forth communications with counsel for DNA; however, to date, Plaintiffs have not yet received sufficient information responsive to the requests set forth in the DNA C&D and the parties have been unable to resolve this matter.

38.     Plaintiffs first became aware of Weis on or about November 2017 when one of Plaintiffs' employees came across Weis' Facebook page wherein Weis posted Infringing Products for sale for $19.99, which are, upon information and belief, identical to those offered by DNA, and

were purchased from DNA.  A screenshot of the post on Weis' Facebook page, as seen by Plaintiffs' employee, which has been redacted to remove irrelevant personally identifiable information, is attached hereto as **Exhibit F**.

39.     After becoming aware of Weis' infringing conduct, on December 27, 2017, Plaintiffs' counsel sent a cease and desist letter to Weis ("Weis C&D").  A true and correct copy of the Weis C&D is attached hereto as **Exhibit G**.

40.     Plaintiffs' counsel received a response from Weis to the Weis C&D and has engaged and back and forth communications with counsel for Weis, but to date, Plaintiffs have yet to receive information responsive to all of the demands set forth in the Weis C&D and the parties have been unable to resolve this dispute.

41.     In order to further investigate reports of suspected infringing activities, on or about November 2017, Plaintiffs' counsel also engaged the services of Advanced Investigative Services, Inc. (hereinafter, "Plaintiffs' Additional Investigator(s)").

42.     Plaintiffs first became aware of Circle-K on or about November 2017 after Plaintiffs' Additional Investigator made a covert purchase of the Infringing Product from one of Circle-K's convenience store locations.  True and correct images of the aforementioned Infringing Product purchased by Plaintiffs' Additional Investigator, which, upon information and belief, was purchased by Circle-K from DNA, is attached hereto as **Exhibit H.**

43.     Plaintiffs first became aware of Loaf 'N Jug on or about November 30, 2017 when an employee of one of Plaintiffs' authorized retailers sent an email (the "November 30, 2017 Email") to Plaintiffs and Plaintiffs' counsel wherein he indicated that he observed the Infringing Products for sale for $19.99 at one of Loaf 'N Jug's locations and included photographs of the same.  The aforesaid informant also indicated that the clerk working at Loaf 'N Jug expressed that

Loaf 'N Jug was initially going to carry Fingerlings Products, but that it received Infringing Products, which would now be carried in all Loaf N' Jug stores.  A true and correct redacted copy of the November 30, 2017 Email, and its accompanying photographs, is attached hereto as **Exhibit I**.

44.     Upon information and belief, the Infringing Products observed at Loaf 'N Jug appear to be identical to those being advertised and offered for sale by DNA and are believed to be sourced from DNA.

45.     Defendants are not, and have never been, authorized by WowWee or any of its authorized agents to copy, manufacture, import, export, advertise, distribute, offer for sale, or sell the Fingerlings Products or to use WowWee's Fingerlings Works and Fingerlings Marks, or any artwork or marks that are substantially or confusingly similar to the Fingerlings Works or Fingerlings Marks.

46.     By these dealings in Infringing Products (including, without limitation, copying, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling Infringing Products), Defendants have violated WowWee's exclusive rights in its Fingerlings Works, have used images, designs and/or artwork that are confusingly and/or substantially similar to, identical to, and/or constitute infringement of WowWee's Fingerlings Works, and have made false and/or misleading statements in order to confuse consumers into believing that such Infringing Products are WowWee's Fingerlings Products and/or aid in the promotion and sales of their Infringing Products.  Defendants' conduct began long after WowWee's adoption and use of its Fingerlings Works, after WowWee obtained the U.S. registrations in the Fingerlings Works, as alleged above, and after WowWee's Fingerlings Products became well-known to the purchasing public.

47.     Prior to and contemporaneous with their actions alleged herein, Defendants had knowledge of WowWee's ownership of its Fingerlings Works and Fingerlings Products, of the fame and incalculable goodwill associated therewith, and of the popularity and success of the Fingerlings Products, and in bad faith adopted WowWee's Fingerlings Works and/or made false and/or misleading statements regarding their Infringing Products.

48.     Defendants have been engaging in the illegal infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to WowWee's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of WowWee, WowWee's Fingerlings Works, and Fingerlings Products.

49.     Defendants' dealings in Infringing Products, as alleged herein, has caused, and will continue to cause, confusion, mistake, economic loss and has, and will continue to deceive consumers, the public, and the trade with respect to the source or origin of Defendants' Infringing Products, thereby causing consumers to erroneously believe that such Infringing Products are licensed by or otherwise associated with WowWee, thereby damaging WowWee.

50.     In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following, all of which have and will continue to cause irreparable harm to WowWee: infringed the Fingerlings Works; committed unfair competition; and/or unfairly and unjustly profited from such activities at WowWee's expense.

51.     Unless enjoined, Defendants will continue to cause irreparable harm to WowWee.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Federal Copyright Infringement Against All Defendants)**
**[17 U.S.C. § 501(a)]**

52.     WowWee repleads and incorporates by reference each and every allegation set forth

in the preceding paragraphs as if fully set forth herein.

53.     WowWee is the exclusive owner of the Fingerlings Works.

54.     Defendants had actual notice of WowWee's exclusive rights in and to the Fingerlings Works.

55.     Defendants did not attempt and therefore inherently failed to obtain WowWee's consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works of, distribute, sell, transfer, rent, perform, and/or market WowWee's Fingerlings Products and/or Fingerlings Works.

56.     Without permission, Defendants knowingly and intentionally reproduced, copied, and displayed WowWee's Fingerlings Works by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling Infringing Products that bear such Fingerlings Works, or artwork that is, at a minimum, substantially similar to WowWee's Fingerlings Works.

57.     Defendants' unlawful and willful actions as alleged herein constitute infringement of WowWee's Fingerlings Works, including WowWee's exclusive rights to reproduce, distribute, and/or sell such Fingerlings Works in violation of 17 U.S.C. § 501(a).

58.     Defendants' knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to WowWee in an amount as yet unknown but to be proven at trial, for which WowWee has no adequate remedy at law, and unless enjoined, Defendants will continue to cause, substantial and irreparable harm to WowWee.

59.      Based on Defendants' wrongful conduct, WowWee is entitled to injunctive relief, WowWee's actual damages and Defendants' profits in an amount to be proven at trial and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees

and costs.

## SECOND CAUSE OF ACTION
### (Federal Unfair Competition: False Designation of Origin & False Advertising Against DNA)
### [15 U.S.C. § 1125(a)/Lanham Act § 43(a)]

60.     WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

61.     DNA knowingly and willfully made one or more false and/or misleading statements, descriptions of fact and/or representations of fact, in connection with the promotion, offering for sale and/or sale of DNA's Infringing Products, which are likely to confuse or deceive, and have in fact confused or deceived, consumers into purchasing DNA's substandard Infringing Products and/or believing that DNA's substandard Infringing Products are in fact WowWee's Fingerlings Products, related products, and/or that DNA's Infringing Products are authorized, sponsored, approved, endorsed or licensed by WowWee and/or that DNA is affiliated, connected or associated with Plaintiffs and/or their Fingerlings Products.

62.     DNA's false and/or misleading statements, descriptions of fact and/or representations of fact intentionally misrepresent, among other things, the availability of WowWee's Fingerlings Products and/or, as well as the quality and/or popularity of DNA's Infringing Products (i.e., that such Infringing Products are the "THE HOTTEST TOY FOR CHRISTMAS 2017").

63.     Such false and/or misleading statements, descriptions of fact and/or representations of fact have actually deceived, or have a tendency to deceive, consumers who are, or were, interested in purchasing WowWee's popular Fingerlings Products.

64.     DNA's deceptive actions are material and likely to influence, and have influenced, the relevant consumers' purchasing decisions.

65.    DNA's false and/or misleading statements, descriptions of fact and/or representations of fact were disseminated, and made available, throughout the United States via, at a minimum, DNA's promotional email blasts sent to consumers and/or retailers throughout the United States (*see* Exhibits D), and concern its Infringing Products, which are advertised, promoted, offered for sale and/or sold in interstate commerce.

66.    DNA has traded off the extensive goodwill of Plaintiffs and their Fingerlings Products in a deliberate effort to induce customers to purchase its substandard Infringing Products, thereby directly competing with Plaintiffs.  Such actions have permitted, and will continue to permit, DNA to make substantial sales and profits based on the goodwill and reputation of Plaintiffs that they have amassed through their international marketing, advertising, sales and consumer recognition.

67.    DNA's false and/or misleading statements, descriptions of fact and/or representations of fact have resulted in lost sales of the Fingerlings Products and/or have caused substantial injury to Plaintiffs' business and their reputation.  Consequently, Plaintiffs, which are in competition with DNA, have standing to maintain an action for unfair competition under the Lanham Act, § 43(a) (15 U.S.C. § 1125), including, without limitation, for false designation of origin and false advertising.

68.    Upon information and belief, DNA's aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake, and to deceive the purchasing public and with the intent to trade on the goodwill and reputation of Plaintiffs and their Fingerlings Products.

69.    As a direct and proximate result of DNA's aforementioned actions, DNA has caused irreparable injury to WowWee by depriving WowWee of sales of Plaintiffs' Fingerling

Products, and unless immediately restrained, DNA will continue to cause substantial and irreparable injury to WowWee and the goodwill and reputation associated with the Fingerlings Products in an amount as yet unknown, but to be determined at trial.

70.     Based on DNA's wrongful conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages and other remedies as provided by the Lanham Act, including damages that WowWee has sustained and will sustain as a result of DNA's illegal and infringing actions as alleged herein, and all gains, profits and advantages obtained by DNA as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

**THIRD CAUSE OF ACTION**
**(Unfair Competition Against All Defendants)**
**[New York Common Law]**

71.     WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

72.     By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products, Defendants have traded off the extensive goodwill of WowWee and its Fingerlings Products to induce, and did induce and intends and will continue to induce, customers to purchase their Infringing Products, thereby directly competing with WowWee.  Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of WowWee, which WowWee has amassed through its nationwide marketing, advertising, sales, and consumer recognition.

73.     Defendants' advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products was and is in violation and derogation of WowWee's rights and is likely to cause confusion and mistake, and to deceive

consumers and the public as to the source, origin, sponsorship, or quality of Defendants' Infringing Products.

74.     Defendants knew, or by the exercise of reasonable care should have known, that their advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products and their continuing advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products would cause confusion and mistake, or deceive purchasers, users, and the public.

75.     Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion and mistake, and to deceive, in blatant disregard of WowWee's rights, and for the wrongful purpose of injuring WowWee and its competitive position while benefiting Defendants.

76.     As a direct and proximate result of Defendants' aforementioned wrongful actions, WowWee has been and will continue to be deprived of substantial sales of its Fingerlings Products in an amount as yet unknown but to be determined at trial, for which WowWee has no adequate remedy at law, and WowWee has been and will continue to be deprived of the value of its Fingerlings Works and Fingerlings Marks as commercial assets in an amount as yet unknown but to be determined at trial, for which WowWee has no adequate remedy at law.

77.     As a result of Defendants' actions alleged herein, WowWee is entitled to injunctive relief, an order granting WowWee's damages and Defendants' profits stemming from their infringing activities, and exemplary or punitive damages for Defendants' intentional misconduct.

**FOURTH CAUSE OF ACTION**
**(Unjust Enrichment Against All Defendants)**
**[New York Common Law]**

17

78.     WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

79.     By virtue of the egregious and illegal acts of Defendants as described herein, Defendants have been unjustly enriched in an amount to be proven at trial.

80.     Defendants' retention of monies gained through their deceptive business practices, infringement, acts of deceit, and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

**PRAYER FOR RELIEF**

**WHEREFORE**, WowWee prays for judgment against Defendants as follows:

A.     For an award of WowWee's actual damages and Defendants' profits, pursuant to 17 U.S.C. § 504(b) in an amount to be proven at trial for willful copyright infringement of WowWee's Fingerlings Works under 17 U.S.C. § 501(a);

B.     In the alternative to WowWee's actual damages and Defendants' profits for copyright infringement of WowWee's Fingerlings Works pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 USC § 504(c) for willful copyright infringement, which WowWee may elect prior to the rendering of final judgment;

C.     For an award of DNA's profits and WowWee's damages pursuant to 15 U.S.C. § 1117(a) in an amount to be proven at trial and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for federal unfair competition under 15 U.S.C. §1125(a);

D.     For an award of damages to be proven at trial for common law unfair competition;

E.     For an award of damages in an amount to be proven at trial for unjust enrichment;

F.     For a preliminary and permanent injunction by this Court enjoining and prohibiting

Defendants, or their agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

    i.   manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products;

    ii.   directly or indirectly infringing in any manner any of WowWee's trademarks, copyrights, or other rights (whether now in existence or hereafter created) including, without limitation WowWee's Fingerlings Marks or Fingerlings Works;

    iii.   using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' trademarks, copyrights, or other rights (whether now in existence or hereafter created) including, without limitation, WowWee's Fingerlings Marks and Fingerlings Works to identify any goods or services not authorized by WowWee;

    iv.   using any of WowWee's trademarks, copyrights, or other rights (whether now in existence or hereafter created) including, without limitation, WowWee's Fingerlings Works or Fingerlings Marks, or any other marks or artwork that are confusingly or substantially similar WowWee's Fingerlings Works or Fingerlings Marks on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing

in the Infringing Products;

v.   using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake, and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendants with WowWee, and/or as to the origin, sponsorship, or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendants and Defendants' commercial activities by WowWee;

vi.   engaging in the unlawful, unfair, or fraudulent business acts or practices, including, without limitation, the actions described herein, including the of advertising and/or dealing in any Infringing Products;

vii.   engaging in any other actions that constitute unfair competition with WowWee;

viii.   engaging in any other act in derogation of WowWee's rights;

ix.   secreting, destroying, altering, removing, or otherwise dealing with the Infringing Products or any books or records that contain any information relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products;

x.   effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise

avoiding the prohibitions set forth in any Final Judgment or Order in this action; and

xi. instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (x) above; and

G.     For an order of the Court requiring that Defendants recall from any distributors and retailers and deliver up to WowWee for destruction any and all Infringing Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of WowWee's trademarks, copyrights, or other rights including, without limitation, WowWee's Fingerlings Works or Fingerlings Marks, or bear any marks or artwork that are confusingly or substantially similar to WowWee's Fingerlings Works or Fingerlings Marks;

H.     For an order of the Court requiring that Defendants deliver up for destruction to WowWee any and all Infringing and any and all packaging, labels, tags, advertising, and promotional materials and any other materials in Defendants' possession, custody or control that infringe any of WowWee's trademarks, copyrights, or other rights including, without limitation, WowWee's Fingerlings Works or Fingerlings Marks, or bear any marks or artwork that are confusingly or substantially similar to WowWee's Fingerlings Works or Fingerlings Marks pursuant to 15 U.S.C. § 1118;

I.     For an order from the Court requiring that Defendants provide complete accountings for any and all monies, profits, gains and advantages derived by Defendants from their manufacturing, importing, exporting, advertising, marketing, promoting,

distributing, displaying, offering for sale, sale and/or otherwise dealing in the Infringing

Products as described herein, including prejudgment interest;

J.      For an order from the Court that an asset freeze or constructive trust be imposed

over any and all monies, profits, gains and advantages in Defendants' possession which

rightfully belong to WowWee;

K.      For an award of exemplary or punitive damages in an amount to be determined by

the Court;

L.      For WowWee's reasonable attorneys' fees;

M.      For all costs of suit; and

N.      For such other and further relief as the Court may deem just and equitable.

<u>**DEMAND FOR JURY TRIAL**</u>

WowWee respectfully demands a trial by jury on all claims.


Dated: April 6, 2018                                    Respectfully submitted,

                                                        **EPSTEIN DRANGEL LLP**


                                                        BY:   _____
                                                              Ashly E. Sands (AS 7715)
                                                              asands@ipcounselors.com
                                                              Jason M. Drangel (JD 7204)
                                                              jdrangel@ipcounselors.com
                                                              Kerry B. Brownlee (KB 0823)
                                                              kbrownlee@ipcounselors.com
                                                              Dwana S. Dixon (DD 0609)
                                                              ddixon@ipcounselors.com
                                                              New York, NY 10165
                                                              Telephone: (212) 292-5390
                                                              Facsimile: (212) 292-5391
                                                              *Attorneys for Plaintiffs*
                                                              *WowWee Group Limited,*
                                                              *WowWee Canada, Inc., and*
                                                              *WowWee USA, Inc.*